UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE JOHNS, | Civil Action No. 15-251 (SDW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| CHRISTOPHER SHANAHAN, et al., | |
| Respondents. | |

This matter comes before the Court on the petition for a writ of habeas corpus of Petitioner, Lawrence Johns, under 28 U.S.C. § 2241. (ECF No. 1).

1. Petitioner challenges his detention "under removal proceedings." (ECF No. 1, at 1). Petitioner's claim appears to be that he has been detained for more than a reasonable period of time under 8 U.S.C. §1226(c), and that his detention is therefore unlawful pursuant *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011).

2. In *Diop*, the Third Circuit held that §1226(c) "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes." *Diop*, 656 F.3d at 231. Determining whether a given period of detention is unreasonable is a fact-dependent inquiry "requiring an assessment of all of the circumstances of a given case." *Id.* at 234. Reasonableness in this context is "a function of whether it is necessary to fulfill the purpose of the statute." *Id.*

3. In *Demore v. Kim*, 538 U.S. 510, 530 (2003), the Supreme Court observed that in most cases, detention under §1226(c) "lasts roughly a month and a half in the vast majority of cases . . . and about five months in the minority of cases." In *Demore*, the Court found that a detention for six months, including a continuance requested by the petitioner, was not so unreasonable to

be an unconstitutional restraint on a criminal alien's liberty. *Id.* at 530-31.  The Third Circuit has, in turn, observed that while detainment for between one and a half and five months would fulfill the statute's intentions, "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past those thresholds." *Diop*, 656 F.3d at 234.

4. While Petitioner provides little information regarding his detainment, his petition does state that he was "released from criminal custody [stemming from a 2002 conviction] for a year and a half . . . until his detainment on August 4th, 2014."  (ECF No. 1, at 6).  As petitioner was first detained by immigration officials in August of 2014, he had only been in custody for approximately five months at the time he filed his complaint on January 12, 2015.  Because this petition was filed only five months after Petitioner's detention began, a period well within the time frame the Court found constitutionally acceptable in *Demore*, the claim Petitioner asserts is at this juncture premature.  *See* 538 U.S. at 530-31; *Diop*, 656 F.3d at 234.

5. The Petition is therefore DISMISSED WITHOUT PREJUDICE.  Petitioner may file a subsequent petition in the event that his detention extends beyond a constitutionally reasonable period.  An appropriate order follows.


March 12, 2015                              *s/ Susan D. Wigenton*
                                            Hon. Susan D. Wigenton
                                            United States District Judge